STEPHENS, appellant, v. AULLS.

*Contract — in restraint of trade — presumption not in favor of.*

An agreement in restraint of trade ought to be contained, in clear and express terms, in a deed or contract in writing. And *it seems* that a court of equity, if it can enforce, specifically, such a contract, under any circumstances, it should not do so when it is in parol and not resting on a distinct consideration, and is in dispute.

Where the evidence left it doubtful whether the parties, when they finally concluded a contract for the sale and purchase of an iron foundry, had any distinct agreement or understanding that the defendant (the purchaser,) was bound, as matter of contract, not to set up the same business in opposition to the plaintiff, at the same place, or within ten miles thereof: *Held*, that the contract was of a character not to be helped by any inference or intendment; and that a complaint in equity, filed to restrain the defendant from carrying on the business within the limits specified, was properly dismissed; but that the dismissal should have been without prejudice to plaintiff's right to sue at law.

APPEAL from a judgment rendered at special term dismissing the complaint. The action was brought by George W. Stephens against Ephraim J. Aulls, to restrain defendant from carrying on the business of making iron castings, in the village of Oramel, Allegany county,

or within ten miles thereof, it being alleged that he had agreed not to do so, which defendant denied. The trial court upon the facts found against the plaintiff.

*Angel & Jones,* for appellant.

*F. Brundage,* for respondent.

E. DARWIN SMITH, J.

The head-note states the point upon which the judgment was affirmed. The affirmance was made with the modification that the judgment should be without prejudice to plaintiff's right to sue at law. The following authorities were cited in the opinion:

Upon the right to enforce such contracts at law, *Chappel* v. *Brockway,* 21 Wend. 158; *Rose* v. *Sadgbee,* id. 166. As to the power of a court of equity to enforce it, *Collins* v. *Plumb,* 16 Ves. 454.

*Judgment as modified affirmed.*